IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIGUEL A. LOPEZ ARIAS,<br>*Petitioner*,<br>v.<br>TODD BLANCHE, *et al*,<br>*Respondents*. | Civil Action No. 3:26-cv-1234<br>Hon. William S. Stickman IV |

**ORDER OF COURT**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 1). Petitioner is currently detained at Moshannon Valley Processing Center. He is a native and citizen of the Dominican Republic who illegally entered the United States on an unknown date at an unknown place. On December 10, 2023, Border Patrol agents encountered Petitioner near Lukeville, Arizona. (ECF No. 9-1, p. 3). He was released that day on his own recognizance. (*Id*).

On June 4, 2025, members of the Spring Township Police Department charged Petitioner at OTN D 1012783-2 with two counts of retail theft, in violation of 18 Pa C.S. § 3925(a)(1), and one count of receiving stolen property, in violation of 18 Pa. C.S. § 3929. These charges remain pending in the Court of Common Pleas of Berks County, Pennsylvania at Docket Number CP-06-CR-0003792-2025. To the best of the Court's knowledge, on June 11, 2026, Petitioner was admitted into that Court's Accelerated Rehabilitative Disposition ("ADR") program. But he has not completed that program.[1] *See*

[1] Petitioner has represented that if he completes the required ADR programming and pays restitution, the prosecution would dismiss the charges against him. (ECF No. 1, p. 2).

*https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-06-CR-0003792-2025&dnh=0U2KUdxTwaGFrj%2F%2Fy%2B2E%2Bg%3D%3D*.[2] On June 11, 2026, Petitioner was taken into immigration custody, and he is currently housed at the Moshannon Valley Processing Center.

The Laken Riley Act mandated that immigration authorities detain aliens who are inadmissible or removable from the United States and who have engaged in certain criminal activity. *See* Laken Riley Act, S. 5, 119th Cong. (2025). 8 U.S.C. § 1226(c) now provides that the Attorney General "***shall*** take into custody any alien who…(i) is inadmissible under paragraph 6(A), 6(C), or (7) of section 1182(a) of this title; and (ii) is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E)(ii) (emphasis added). Section 1226(c) does not limit the length of the detention it authorizes during removal proceedings. *See Jennings v. Rodriquez*, 583 U.S. 281, 303 (2018).

Petitioner has been charged with theft and receiving property in violation of Pennsylvania law. As such, he is subject to mandatory detention under § 1226(c).[3] Petitioner's ongoing

---

[2] The Court may consider matters of which it may take judicial notice including matters of public record, like the public docket sheets. *See Zedonis v. Lynch*, 233 F. Supp. 3d 417, 422 (M.D. Pa. 2017) ("[D]ocket sheets are public records[ ] of which this court may take judicial notice in deciding a motion to dismiss." (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1197 (3d Cir. 1993) (defining public record to include criminal case dispositions, such as convictions or mistrials)); *see also Dean v. Copozza*, No. Civil Action No. 13-41, 2013 WL 1787804, at *1 (W.D. Pa. Apr. 10, 2013) ("Pennsylvania's Unified Judicial System provides online access to the docket sheet for criminal cases, and this court may take judicial notice of those dockets.").

[3] The Supreme Court of the United States has held § 1226(c) is not facially unconstitutional. *Demore v. Kim*, 538 U.S. 510, 531 (2003). Immigrants detained under § 1226(c) may bring as-

detention serves the purported immigration purpose for which § 1226(c) was enacted as his detention prevents him from engaging in further criminal activity that rendered him subject to § 1226(c). If Petitioner believes that he is not subject to mandatory detention, he can certainly seek a hearing pursuant to *Gayle v. Monmouth County Correction Institution*, 12 F.4th 321 (3d Cir. 2021) in immigration court where an immigration judge can determine if § 1226(c) applies to require detention. If he is found not to be properly included within § 1226(c), he may then seek release on bond.

AND NOW, this 19th day of August 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED.

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

---

applied challenges to the constitutionality of their detentions. *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203 (3d Cir. 2020) (stating,"[w]hen detention becomes unreasonable, the Due Process Clause demands a hearing." *Id*. at 210 (cleaned up)). In this circuit, there is a non-exhaustive list of four factors to consider in assessing whether detention has grown unreasonable: 1) duration of detention; 2) whether the detention is likely to continue; 3) the reasons for the delay; and 4) whether the conditions of confinement are meaningfully different from criminal confinement. *Id*. at 211 (citations omitted). Courts within this circuit have repeatedly recognized that detention approaching or exceeding six months without an opportunity for individualized review raises serious constitutional concerns. *See Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 475–476 (3d Cir. 2015) (explaining that detention becomes suspect as it moves beyond six months); *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (observing that Congress doubted the constitutionality of detention longer than six months). The Court holds that Petitioner's detention has not become unreasonable as he has been in immigration detention for two months.